IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-550-BO

| | |
|---|---|
| ANGELA MCLEOD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> ) | O R D E R |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24, 26]. A hearing on this matter was held in New Bern, North Carolina on August 20, 2014. The Commissioner appeared via video feed at this hearing. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

Plaintiff protectively filed for disability insurance benefits (DIB) and supplemental social security income (SSI) under Titles II and XVI of the Social Security Act on February 26, 2010. Ms. McLeod alleged disability beginning on January 29, 2010. The Social Security Administration denied plaintiff's application initially and upon reconsideration. On January 20, 2012, Plaintiff appeared and testified before an Administrative Law Judge (ALJ), who subsequently denied her application. The Appeals Council denied Ms. McLeod's request for review and the ALJ's decision became the final decision of the Commissioner on June 19, 2013. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

1

## MEDICAL HISTORY

Plaintiff suffers from significant hypertension and resultant headaches, as well as diabetes, malignant hypertension, degenerative disc disease of the lumbar spine, headaches, and mild hearing loss.[Tr. 93, 443–44]. Since approximately 2010, Ms. McLeod has been prescribed medications for her hypertension. While there was evidence of noncompliance in early 2010, the available evidence demonstrates that subsequently, Ms. McLeod has been compliant with her medications. [Tr. 43, 474–75, 479–80, 560–62]. Despite her compliance, Ms. McLeod still suffers from hypertension and daily headaches and is only able to get up and move about the house roughly two days per week. [Tr. 38]. She is unable to drive due to blurred vision stemming from both diabetes and hypertension. [Tr. 49]. As a result of her knee pain, she can only sit or stand for roughly twenty minutes before needing to lie down and rest. [Tr. 47].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a sequential five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At

2

step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments (Listing). *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing or is equivalent to a listed impairment, disability is conclusively presumed. If the claimant's impairment does not meet or equal a listed impairment, then the analysis proceeds to step four, where the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 15]. Ms. McLeod's diabetes, malignant hypertension, degenerative disc disease of the lumbar spine, headaches, and mild hearing loss qualified as severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. [Tr. 15–17]. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform light work with some modifications related to heights, pulmonary irritants, and loud noises. [Tr. 18]. The ALJ found that Ms. McLeod could not return to her past relevant work, but that, considering plaintiff's age, education, work experience, and RFC there were other jobs that exist in significant numbers in the national economy that she could perform. Thus, the ALJ determined that Ms. McLeod was not disabled as of the date of his opinion.

3

The ALJ's decision in this case is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. 404.1545(a)(3). When formulating plaintiff's RFC, the ALJ relied on his finding that plaintiff's testimony was only partially credible, and her hypertension and headaches were managed as long as she was compliant with medication. [Tr. 20]. This conclusion is not supported by the record. Plaintiff's treating physician noted that despite compliance with medications, her debilitating hypertension and headaches persisted. [Tr. 470–71, 479–80, 560–62]. The most recent medical records confirm that Ms. McLeod's symptoms continued despite medication compliance. [Tr. 576–78].

The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v Bowen*, 829 F.2d. 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR. 96-2p. The ALJ did not give the opinion of Dr. Chavis, plaintiff's treating physician, sufficient weight in his RFC analysis. Dr. Chavis's opinion is consistent with the record evidence and greatly bolsters plaintiff's credibility regarding her limitations and compliance with medication. The vocational expert in this matter testified that if plaintiff's testimony were credited, there would be no job in the national economy that she could perform. [Tr. 57]. Had the ALJ considered Dr. Chavis's opinion, it is clear that he would have found plaintiff entirely credible. As such, the Court finds the ALJ's decision is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v,*

*Bowen*, 672 F.Supp. 230, 237 (E.D.N.C. 1987). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Brenden v Weinberger*, 493 F.2d 1002, 1002 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court, in its discretion, finds that reversal and remand for an award of benefits is appropriate in this instance, as the ALJ clearly explained the basis for his decision. In light of the vocational expert's testimony, there is no benefit to be gained from remanding this matter for further consideration and reversal is appropriate.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED, and defendant's motion for judgment on the pleadings [DE 26] is DENIED. The decision of the Commissioner is REVERSED. Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This __ day of August, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE